IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21 CV 13 MR WCM

| | |
|---|---|
| MICHELLE LAUGHTER, | ) |
| | ) |
| Plaintiff, | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| v. | ) |
| | ) |
| DYLAN SIMS, | ) |
| RICHARD M. MADDEN, | ) |
| RICHARD M. MADDEN II, and | ) |
| MADDEN'S ACE HARDWARE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the Court on Defendants Richard Madden and Richard Madden II's Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss" Doc. 11) and the parties' Stipulation of Dismissal with Prejudice ("Stipulation" Doc. 16).

I. Background

On December 9, 2020, Plaintiff Michelle Laughter ("Plaintiff") filed a Complaint in the Superior Court of Buncombe County, North Carolina against Dylan Sims ("Sims), Richard Madden ("Madden"), Richard Madden II ("Madden II"), and Madden's Ace Hardware ("Company"). Doc. 1-1. In summary, the Complaint alleged that the Company was owned and/or controlled by Madden and Madden II, that Sims and Plaintiff were employed

1

by the Company, that Plaintiff was supervised by Sims, and that Plaintiff was subject to sexual comments and inappropriate touching by Sims. The Complaint included claims for battery, assault, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence and gross negligence, negligent retention, sexual harassment, sex discrimination, retaliation, and punitive damages.

On January 12, 2021, Defendants removed the case to federal court on the basis of federal question jurisdiction. Doc. 1. The Notice of Removal indicated that Sims had not been served with a Summons and the Complaint and that defense counsel were appearing for Sims for the limited purpose of filing the Notice of Removal. Doc. 1 at 2 n.1.

On February 17, 2021, Madden and Madden II filed their Motion to Dismiss along with a supporting memorandum. Docs. 11 and 12. Also that day, the Company filed its Answer and Affirmative Defenses. Doc. 13.

On March 2, 2021, Plaintiff filed an unopposed Motion for Extension of Time to Respond to Defendants' Motion to Dismiss. Doc. 14. That motion was granted, and Plaintiff's response deadline was extended to and including March 18, 2021.

Plaintiff did not file a reply however and therefore, on April 8, 2021, an Order issued directing Plaintiff to file a notice confirming that she did not

oppose the Motion to Dismiss or explaining why the Court should not consider the Motion to Dismiss without a response from Plaintiff. Doc. 15.

On April 12, 2021, the parties filed the Stipulation, which states that "Plaintiff and Defendant, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, hereby move to dismiss this action with prejudice" as to Madden and Madden II "pursuant to agreement between all parties…." Doc. 16.

## II. Discussion

### A. Dismissal

As an initial matter, the Stipulation presents the procedural question of whether it is meant to be: 1) a stipulation under Rule 41(a)(1)(A)(ii) by which the parties are attempting to dismiss the claims against Madden and Madden II without a court order, or 2) a request for a dismissal by court order pursuant to Rule 41(a)(2).

In light of the wording of the body of the Stipulation, which states that the parties "move to dismiss" the action with regard to Madden and Madden II, the undersigned will construe the Stipulation as being a motion to dismiss all claims against Madden and Madden II with prejudice under Rule 41(a)(2) at Plaintiff's request and with Defendants' consent.[1]

---

[1] The Stipulation is silent as to the remaining claims – specifically those against Sims and the Company.

3

Courts within this district have reached differing conclusions as to whether a plaintiff who wishes to dismiss specific claims within an action, but not the action as a whole, should proceed by filing an amended complaint under Rule 15 instead of a dismissal pursuant to Rule 41. Cf. Gahagan v. N. Carolina Highway Patrol, No. CIV.1:00CV52, 2000 WL 33946065, at *2 (W.D.N.C. Oct. 25, 2000) ("Rule 41, however, speaks only to the dismissal of 'actions.' Plaintiff does not seek, at this juncture, to dismiss his entire action; rather, as stated *supra,* he wishes to dismiss certain claims within this action . . . Rather than a Rule 41 dismissal, the Plaintiff should seek to amend his complaint by meeting the requirements of Rule 15.") with Cato Corp. v. L.A. Printex Indus., Inc., No. 3:10-CV-00462, 3:10cv543, 2012 WL 2455431 (W.D.N.C. June 27, 2012).

However, plaintiffs seeking to dismiss all claims against specific defendants have been allowed to do so under Rule 41. See Burgess v. Eforce Media, Inc., No. 1:07-CV-231, 2007 WL 3355369 (W.D.N.C. Nov. 9, 2007) (approving stipulation to dismiss certain defendants under Rule 41(a)(2) and the inherent authority of the Court); Klakulak v. Americanhomekey, Inc., United States District Court, Western District of North Carolina, No. 3:11cv388-MOC-DSC, Doc. 52 (granting motion to dismiss claims against one defendant following settlement and in accordance with Rule 41(a)(2)); Synovus Bank v. Bokke IV L.L.C., No. 1:11-CV-00071-MR-DLH, 2014 WL 440244

(W.D.N.C. Feb. 4, 2014) (noting that more recent Fourth Circuit precedent has suggested that Rule 41(a)(2) should be applied less rigidly than it was in Gahagan, and granting motion to dismiss claims against specific defendants).

Other courts have also recognized that Rule 41(a) may be used to dismiss individual defendants in a multi-defendant case. See I.P. by Newsome v. Pierce, No. 5:19-CV-228-M, 2020 WL 5535428, at *2 (E.D.N.C. Sept. 15, 2020) (finding that "Rule 41(a) permits the voluntary dismissal of all claims against a particular defendant"); Duke Progress Energy LLC v. 3M Co., No. 5:08-CV-460-FL, 2015 WL 5603344, at *2 (E.D.N.C. Sept. 23, 2015) (stating that while there is a split of authority as to whether Rule 41(a) permits voluntary dismissal of fewer than all defendants, including among district courts within the Fourth Circuit, "'most federal courts agree that parties may voluntarily dismiss from a case only certain defendants'" and agreeing that the "'sounder view' is that Rule 41(a) permits the voluntary dismissal of fewer than all defendants in an action").

Accordingly, considering the early procedural posture of this case and the lack of any indication that dismissal of Plaintiff's claims against Madden and Madden II would result in undue or substantial prejudice to the remaining parties, the undersigned will recommend that the requested dismissal, as stated in the Stipulation, be allowed and that Plaintiff's claims against Madden and Madden II be dismissed with prejudice, with the Motion to

Dismiss being denied as moot. See Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir.1987); Miller v. Terramite Corp., 114 F. App'x 536, 539 (4th Cir.2004); Bokke IV, LLC, 2014 WL 440244, at *2.

### B. Service as to Sims

The state court papers that have been submitted with the Notice of Removal include a civil summons addressed to "Ace Hardware Corporation" as Defendant 1 and to Sims as Defendant 2. Doc. 1-1 at 2. That summons appears to have been issued on December 9, 2020. As noted, at the time the case was removed, Defendants indicated that Sims had not yet been served, and no proof of service has subsequently been filed on the docket.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In addition, pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, "a defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of

these periods: (A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." Fed. R. Civ. P. 81 (c)(2).

Here, the case was removed on January 12, 2021, and ninety days from that date was April 12, 2021. However, because the record lacks evidence regarding service, if any, on Sims, it is unclear whether his answer deadline has expired. See Martin v. Moody, No. 2:16-CV-06788, 2016 WL 6093493, at *1 (S.D.W. Va. Oct. 14, 2016) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court") (internal quotation marks omitted); see also, Tim Schoenbauer, Plaintiff, v. Deutsche Bank National Trust Company, Defendant., No. 3:20-CV-1901-E-BH, 2021 WL 1169535, at *4 (N.D. Tex. Mar. 11, 2021), report and recommendation adopted sub nom. Schoenbauer v. Deutsche Bank Nat'l Tr. Co., No. 3:20-CV-1901-E-BH, 2021 WL 1165039 (N.D. Tex. Mar. 26, 2021) ("Because Defendant has not been served with a copy of the complaint and summons and has not waived its right to service, it was not required under Rule 81(c)(2) to file an answer or responsive pleading after removal"); Silva v. City of Madison, 69 F.3d 1368, 1371 (7th Cir. 1995).

Therefore, the undersigned will also recommend that Plaintiff be directed either: 1) to confirm that service has been made on Sims, explaining the particulars and timing of that service, or 2) in the absence of service, to show good cause for her failure to effect service on Sims, as necessary to avoid dismissal of her claims against Sims without prejudice.

### III. Recommendation

For the reasons discussed above, the undersigned respectfully **RECOMMENDS** as follows:

1. That the parties' Stipulation of Dismissal (Doc. 16) be **ACCEPTED** and Plaintiff's claims against Madden and Madden II be **DISMISSED WITH PREJUDICE**;

2. That Madden and Madden II's Motion to Dismiss (Doc. 11) be **DENIED AS MOOT**; and

3. That Plaintiff be **DIRECTED** either: 1) to confirm that service has been made on Sims, explaining the particulars and timing of that service, or 2) in the absence of service, to show good cause for her failure to effect service on Sims, as necessary to avoid dismissal of her claims against Sims without prejudice.

Signed: April 19, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).