IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00013-MR-WCM

| | |
|---|---|
| MICHELLE LAUGHTER, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> MADDEN'S ACE HARDWARE, ) <br> ) <br> Defendant. ) <br> _____ ) | ORDER |

This matter is before the Court on Defendant's Motion to Compel Written Discovery Responses ("the Motion to Compel," Doc. 22). Any response to the Motion to Compel was due by December 30, 2021. See Local Civil Rule 7.1(e). That date has passed, and Plaintiff has not filed a response in opposition. The Motion to Compel is therefore unopposed.

I. Background

On or about December 9, 2020, Plaintiff Michelle Laughter ("Plaintiff") filed a Complaint in the Superior Court of Buncombe County, North Carolina against Dylan Sims ("Sims), Richard Madden ("Madden"), Richard Madden II ("Madden II"), and Madden's Ace Hardware. Doc. 1-1.

The matter was removed to this Court on January 12, 2021. Doc. 1.

On August 6, 2021, Plaintiff's claims against Madden and Madden II were dismissed with prejudice, and Plaintiff was directed either to confirm that

1

service had been made on Sims or show good cause for her failure to effect service on Sims. Doc. 18.

Plaintiff did not respond to the August 6 Order, and, therefore, on September 9, 2021, Plaintiff's claims against Sims were dismissed without prejudice. Doc. 19.

On October 12, 2021, a Pretrial Order and Case Management Plan was entered. Doc. 21. That Order set, among other deadlines, a deadline of May 13, 2022 for the parties to complete court-enforceable discovery. Id.

On December 16, 2021, the remaining Defendant in this matter, Madden's Ace Hardware, filed the instant Motion to Compel. Doc. 22. As noted above, Plaintiff has not responded to the Motion to Compel.

## II. Compelling Plaintiff's Responses

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 37(a)(3)(B), a party seeking discovery may move for an

order compelling an answer or production if "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." F.R.C.P. 37(a)(3)(B)(iii) & (iv).

Further, "the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Oppenheimer v. Episcopal Communicators, Inc., No. 1:19-CV-00282-MR, 2020 WL 4732238, at *2 (W.D.N.C. Aug. 14, 2020) (quoting Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010)); see also United Oil Co., Inc. v. Parts Assocs., Inc., 227 F.R.D. 404, 411 (D.Md.2005) ("Generally, the burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules. This includes, of course, where the resisting party asserts that the discovery is irrelevant").

Here, Defendant states that it served its First Set of Interrogatories and Requests for Production of Documents (the "Discovery Requests") on Plaintiff on October 15, 2021, and that Plaintiff has failed to provide any responses, despite defense counsel's repeated efforts to obtain responses and Plaintiff's counsel's agreement to provide responses, or to meet and confer, by December 2, 2021. See Doc. 23 at 5.

Considering Plaintiff's lack of response or objection to the Discovery

3

Requests themselves, as well as Plaintiff's lack of response to the instant Motion to Compel, the undersigned will grant the Motion to Compel and will require Plaintiff to respond to the Discovery Requests.[1]

### III. Expenses

Defendant also moves for an Order requiring Plaintiff to pay the reasonable attorneys' fees and costs it has incurred in connection with the Motion to Compel.

Rule 37 of the Federal Rules of Civil Procedure reads in part as follows:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

---

[1] While Defendant has not submitted a copy of the Discovery Requests, the undersigned presumes that the Discovery Requests are consistent with the limitations described in the Pretrial Order.

4

Here, Plaintiff has not filed any response to Defendant's request for an award of fees and expenses and therefore has not provided any basis upon which the undersigned could find that an award of expenses would be improper, and such a basis is not otherwise apparent from the record. Accordingly, the undersigned will grant Defendant's request for an award of expenses pursuant to Rule 37.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion to Compel Written Discovery Responses (Doc. 22) is **GRANTED** as follows:

1. Plaintiff shall provide full and complete responses to Defendant Madden's Ace Hardware's First Set of Interrogatories and Requests for Production of Documents on or before **January 20, 2022**.

2. Defendant is **AWARDED** its reasonable expenses incurred in relation to the Motion to Compel, including attorney's fees. Such award shall be paid by Plaintiff's counsel and not by Plaintiff.

3. The parties are **DIRECTED** to confer and attempt to reach an agreement as to the amount of expenses that should be awarded.

4. On or before **January 13, 2022**:

    a. The parties shall file a stipulation advising that they have conferred and reached an agreement as to the amount of the award, and advising of such amount, or

b. In the alternative, if the parties are unable to reach an agreement, Defendant shall submit appropriate materials from which the Court can determine an appropriate award. Plaintiff shall have an additional seven (7) days from the date of Defendant's filing to respond. Defendant shall have three (3) days thereafter to file a reply, if any.

Signed: January 4, 2022

W. Carleton Metcalf
United States Magistrate Judge

6

Case 1:21-cv-00013-MR-WCM   Document 24   Filed 01/04/22   Page 6 of 6