IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00013-MR-WCM

| | | |
|---|---|---|
| MICHELLE LAUGHTER, | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER |
| v. | ) | |
| | ) | |
| MADDEN'S ACE HARDWARE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the filing of the "Affidavit of Ted N. Kazaglis," which sets forth attorneys' fees requested by Defendant in relation to its Motion to Compel (the "Declaration," Doc. 25).

On December 16, 2021, Defendant filed its Motion to Compel. Docs. 22 & 23. Plaintiff did not file a response in opposition to the Motion to Compel.

On January 4, 2022, the undersigned granted the Motion to Compel. As part of that ruling, the undersigned granted Defendant's request for an award of expenses, including attorneys' fees, related to the Motion to Compel. Doc. 24. The parties were directed to confer and attempt to reach an agreement as to the amount of expenses that should be awarded. Id. In the event the parties were unable to agree, Defendant was instructed to submit materials from which the Court could determine an appropriate award. Plaintiff was provided an additional seven (7) days from the date of Defendant's filing to respond. Id.

1

On January 13, 2022, Defendant filed the Declaration, which seeks fees in the amount of $2,680.00. Doc. 25. Defense counsel represents that Plaintiff's counsel initially agreed to this amount but "abruptly withdrew his consent shortly thereafter." Id. at 1.

Plaintiff's counsel has not made any filing in response to the Declaration and the deadline for doing so has expired.

Nonetheless, any award of fees and expenses pursuant to Rule 37 of the Federal Rules of Civil Procedure must be reasonable. Fed. R. Civ. P. 37(a)(5)(A); see also Flame S.A. v. Industrial Carriers, Inc., No. 2:13-cv-658, 2014 WL 4809842 (E.D. Va. Sept. 25, 2014).

In that connection, the undersigned notes the representation of defense counsel that the involved attorneys spent the time described in the Declaration "in preparation of" the Motion to Compel and the supporting Memorandum. It is also noted that Plaintiff has failed to respond or object to the amount requested.

However, though the Declaration lists the total hours spent by counsel, it does not delineate the individual tasks that were performed or the dates on which the work was done. These details are particularly needed in this matter; while Defendant contends that Plaintiff has been dilatory in responding in a number of ways in this case to date, see Doc. 23 (stating that Defendant "respectfully requests that this Court grant Defendant's Motion, because of

[Plaintiff's] pattern of dilatory and neglectful behavior, including, but not limited to, her failure to comply with the Federal Rules of Civil Procedure, Local Rules, and this Court's Pretrial Order and Case Management Plan"), expenses have been awarded only in connection with the Motion to Compel based on Plaintiff's lack of response to Defendant's Discovery Requests.

Accordingly, Defendant is **DIRECTED** to supplement the Declaration with additional information and materials from which the Court can determine an appropriate expense award relative to the Motion to Compel. Defendant shall make such a filing on or before **Thursday, January 27, 2022**.

Plaintiff shall have to and including **Tuesday, February 1, 2022** within which to respond.

Any reply by Defendant shall be filed on or before **Thursday, February 3, 2022**.

It is so ordered.

Signed: January 24, 2022

W. Carleton Metcalf
United States Magistrate Judge

3

Case 1:21-cv-00013-MR-WCM   Document 26   Filed 01/24/22   Page 3 of 3